IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 10-00607-2 JSW |
| v. | **ORDER TO SHOW CAUSE AND INSTRUCTIONS TO CLERK** |
| DAMON SYKES, | |
| Defendant. | |

On March 10, 2014, Defendant Damon Sykes ("Mr. Sykes") acting *pro se*, filed a motion to vacate his sentence pursuant to 28 U.S.C. section 2255. Mr. Sykes asserts that he was not admonished about the elements of the charges of aiding and abetting during the Rule 11 colloquy, that the Superseding Indictment was defective for failing to charge the essential elements of aiding and abetting, and that counsel was ineffective, both for failing to move to dismiss the indictment and in connection with the guilty plea.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.

Under Section 2255 a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

Having considered the issues raised in the motion, the Court finds that a response from the Government is warranted. The Court reserves the right to appoint counsel for Mr. Sykes.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve by certified mail a copy of this order and the motion and all attachments thereto upon the Office of the United States Attorney. The clerk shall also serve a copy of this order on Mr. Sykes.

2. The Government shall file with the Court and serve on Mr. Sykes, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Mr. Sykes.

3. If Mr. Sykes wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on the Government within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: May 27, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

  v.

SYKES,

        Defendant.

Case Number: CR10-00607 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Damon Sykes
#88488-011
Federal Correctional Institution
P.O. Box 23811
Tucson, AZ 85734

Dated: May 27, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk