UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAMON SYKES,<br><br>    Defendant. | Case No. 10-cr-00607-JSW-2<br><br>**ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 204, 210 |

Now before the Court for consideration is the motion for compassionate release, pursuant to 18 U.S.C. section 3582(c) ("Section 3582"), filed by Defendant Damon Sykes ("Mr. Sykes"), and the supplemental brief filed in support thereof.[1] The Court has considered the parties' papers, the record in this case, and the fact that the legal landscape has changed since the Court denied Mr. Sykes' first motion for compassionate release.[2] *See United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021). The Court finds the motion suitable for disposition without a hearing, and for the reasons that follow, the Court DENIES the motion.

**BACKGROUND**

On July 14, 2011, the Court sentenced Mr. Sykes to a term of imprisonment of two hundred and fifty-two (252) months following a plea of guilty of three counts of armed robbery, in violation of 18 U.S.C. section 2113(a), and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. section 371. The Court also imposed a five-year term of

---

[1] Defendant filed his original motion in a *pro se* capacity. The Court appointed counsel, who filed the supplemental brief.

[2] The Court denied Mr. Sykes' first motion for compassionate release on September 14, 2020, and the United States Court of Appeals for the Ninth Circuit affirmed that decision on May 21, 2021. (Dkt. Nos. 198, 202.)

supervised release. This sentence represented an upward variance, which the Court determined was warranted after applying the factors set forth in 18 U.S.C. section 3553(a) ("Section 3553(a)"). Mr. Sykes is currently in custody at Terminal Island Federal Correctional Institution ("FCI Terminal Island"). FCI Terminal Island currently reports that 40 inmates have tested positive for COVID-19, 21 staff have tested positive, 11 inmate deaths from COVID-19, zero staff deaths, and that 425 inmates and 66 staff have recovered.[3] Mr. Sykes' projected release date is September 29, 2028.

## ANALYSIS

Mr. Sykes moves to reduce his sentence based on the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 (the "First Step Act"), which amended portions of Section 3582(c). Section 3582(c) provides, in relevant part, that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act requires a defendant to exhaust administrative remedies before moving to reduce their sentence in the district court. On September 2, 2021, Mr. Sykes presented a request

---

[3] See https://www.bop.gov/coronavirus (last viewed January 7, 2022).

2

for compassionate release to the Warden at FCI Terminal Island, which was denied. His subsequent appeal also was denied. (*See* Declaration of Alexandra McClure ("McClure Decl."), ¶¶ 3-4, Exs. A-B). Mr. Sykes has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *cf. United States v. Rodriguez*, 424 F. Supp. 3d 674, 680-81 (N.D. Cal. 2019).

Once a defendant has exhausted their administrative remedies, a court may grant a motion for compassionate release if, after the considering the Section 3553(a) factors, it finds "extraordinary and compelling reasons warrant" a reduction. The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Sykes bears the burden to show a sentence reduction is warranted. *See, e.g., United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling'" reasons; however, it did state that "[r]ehabilitation of the defendant alone" will not meet the standard. *Rodriguez*, 424 F. Supp. 3d at 681 (quoting 28 U.S.C. § 994(t)). Section 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons" when "promulgating general policy statements" relating to Section 3582(c)(1)(A). 28 U.S.C. § 994(t). Guideline section 1B1.13 sets forth four "extraordinary and compelling reasons" that may warrant a sentence reduction. U.S.S.G. § 1B1.13. However, the Ninth Circuit has held that Section 1B1.13 is not an "applicable" policy statement for motions for compassionate release filed by defendants. *Aruda*, 993 F.3d at 802. Pursuant to *Aruda*, the statements in Section 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Mr. Sykes' again relies on the provision of the Policy Statement that provides extraordinary and compelling reasons may exist where a defendant is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, app. note 1(A)(ii). Mr. Sykes is 56 years old, and as the Court noted in its previous order suffers from obesity and fatty liver diseases. Mr. Sykes also

3

notes that his medical records show that, in January 2021, he received an ECG that showed "nonspecific T wave abnormality[.]" (McClure Decl., ¶ 5, Ex. C.) The remaining medical records submitted by Mr. Sykes do not show any record of follow up care for that condition. Assuming for the sake of argument that Mr. Sykes has demonstrated that his medical condition in combination with the inability to social distance qualify as extraordinary and compelling reasons under Section 3582(c), the Court would still deny the motion.

Pursuant to *Aruda*, Mr. Sykes is not required to demonstrate he is not a danger to the community in order to obtain relief. However, the Court still is entitled to consider safety as a factor in its analysis of the Section 3553(a) factors. As set forth in its previous order, the underlying charges in this case were both dangerous and serious and the conviction in this case reflected Mr. Sykes' second conviction for the same offense. Moreover, while he was on supervised release for his first armed bank robbery, Mr. Sykes committed the underlying offense here—another armed bank robbery. Mr. Sykes had a history of arrests and convictions going back to his childhood, and at his sentencing, the Court found that a sentence of 252 months, a significant upward variance from the applicable guidelines range, was necessary to deter any further criminal conduct, to reflect the seriousness of the offense, to promote respect for the law, and to protect the public. The Court finds that the same factors that informed the imposition of Mr. Sykes' sentence continue to caution against releasing Mr. Sykes to home confinement.

The Court again recognizes that Mr. Sykes' records indicate that he has been a model inmate and has taken advantage of opportunities for rehabilitation and personal growth while incarcerated. However, it continues to conclude that Mr. Sykes' good conduct in prison does not overcome his history of criminal behavior, particularly where his previous sentence for the same offense did not deter him from offending again after he was released from custody. The Court reiterates that neither youth nor immaturity motivated Mr. Sykes' criminal behavior; he was 45 when he committed the underlying offense and has explained that he receives an adrenaline high from robbing banks. Additionally, although Mr. Sykes been incarcerated for a length of time that exceeds the high-end of the guideline range for his offense, he still has over six years left on his sentence. When the Court imposed an upward variance at Mr. Sykes' sentencing, it did so to

underscore the seriousness of the Mr. Sykes' offense and because it did not believe a sentence within the guideline range would adequately deter Mr. Sykes from offending again. Accordingly, the Court again finds that releasing Mr. Sykes now would be inconsistent with the seriousness of this offense and inadequate to guard against the danger Mr. Sykes poses to the community.[4]

For these reasons, the Court concludes that Mr. Sykes has not shown that the Section 3553(a) factors weigh in favor of release, and the Court DENIES Mr. Sykes' motion.

**IT IS SO ORDERED**.

Dated: January 7, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[4] Although the Court does not rest its decision on this issue, the Court notes that Mr. Sykes' proposed release plan does not adequately address his plans for housing and employment in a single District.

5