UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAMON SYKES,<br><br>    Defendant. | Case No. 10-cr-00607-JSW-2<br><br>**ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 204, 210 |

Now before the Court for consideration is the third motion for compassionate release filed by Defendant Damon Sykes ("Mr. Sykes"), pursuant to 18 U.S.C. section 3582(c) ("Section 3582").[1] The Court has considered Mr. Sykes' motion and concludes responses from the Government and the Probation Officer are not necessary. The Court also finds the motion suitable for disposition without a hearing.

The has Court set forth the background underlying Mr. Sykes' conviction in its prior order and will not repeat it here. The Court also will not repeat the legal standards applicable to a motion pursuant to Section 3582(c). Mr. Sykes has exhausted his administrative remedies, so the Court has jurisdiction to consider his motion.

Mr. Sykes asks for compassionate release based on his medical conditions, fatty liver disease and obesity, on the basis that his sister has debilitating arthritis and will require live-in

---

[1] Mr. Sykes has filed two previous motions for relief under Section 3582(c). Although the Court appointed counsel in connection with those motions, it declines to do so again. The Court denied Mr. Sykes' first motion for compassionate release on September 14, 2020, and the United States Court of Appeals for the Ninth Circuit affirmed that decision on May 21, 2021. (Dkt. Nos. 198, 202.) The Ninth Circuit dismissed Mr. Sykes' appeal from the Court's order denying his second motion for failure to prosecute. (Dkt. No. 221.)

care, and on his post-conviction rehabilitation.

The Court recognizes that Mr. Sykes' records indicate that he has been a model inmate and has taken advantage of opportunities for rehabilitation and personal growth while incarcerated. However, it continues to conclude that Mr. Sykes' good conduct in prison does not overcome his history of criminal behavior, particularly where his previous sentence for the same offense did not deter him from offending again after he was released from custody and again finds that releasing Mr. Sykes now would be inconsistent with the seriousness of this offense and inadequate to guard against the danger Mr. Sykes poses to the community.  Therefore, even assuming Mr. Sykes has presented extraordinary and compelling reasons to be released, the Court concludes that Mr. Sykes has not shown that the Section 3553(a) factors weigh in favor of release.

Accordingly, the Court DENIES Mr. Sykes' motion.

**IT IS SO ORDERED**.

Dated: April 7, 2023

_____
JEFFREY S. WHITE
United States District Judge